Francisco J. Aldana (SBN 216388)
**Law Offices of Francisco J. Aldana**
3033 Fifth Avenue, Suite 201
San Diego, California 92103-5828
Telephone: (619) 236-8355
Facsimile:  (619) 374-7056

Attorneys for Plaintiff
MARCO A. BATANI

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO A. BATANI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., a Delaware corporation, and, DOES 1-20,<br><br>Defendants. | Case No.: **'18CV0116 H    MDD**<br><br>**COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF FOR:**<br><br>**(1) FAILURE TO PAY MINIMUM WAGES OWED;**<br>**(2) FAILURE TO PAY OVERTIME WAGES OWED;**<br>**(3) FAILURE TO PROVIDE MEAL AND REST PERIODS;**<br>**(4) FAILURE TO REIMBURSE FOR REQUIRED BUSINESS EXPENSES;**<br>**(5) UNLAWFUL WAGE DEDUCTIONS;**<br>**(6) FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS;**<br>**(7) FAILURE TO PAY WAGES DUE UPON TERMINATION;**<br>**(8) UNLAWFUL BUSINESS PRACTICES;**<br><br>**DEMAND FOR JURY TRIAL.** |

1

**COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**

Plaintiff, Marco A. Batani, by and through his attorneys of record herein, brings this Complaint for Damages, Restitution, and Injunctive Relief against the above-named Defendants, and in support thereof alleges the following:

## PARTY DESIGNATIONS

1. Plaintiff, Marco A. Batani, (hereinafter "Plaintiff") is a resident of San Diego, and was employed by defendant Home Depot U.S.A., Inc. at all times relevant to this complaint.

2. Defendant, Home Depot U.S.A., Inc., is a Delaware corporation, and refers to the "employer" under Martinez v. Combs (2010) 49 Cal. 4th 35 in this wage and hour case.

3. The true names and capacities of Defendant's sued herein as DOES 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues such Defendants by such fictitious names pursuant to California Code of Civil Procedure §474. Plaintiff alleges that each fictitiously named Defendant acted or failed to act in such a manner that each has contributed in proximately causing the damages to Plaintiff as herein alleged. Plaintiff will seek leave of Court to amend this Complaint to set forth their true names and capacities when ascertained.

4. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants sued herein, including those named herein as Does, are the agents, servants, employees, licensees, guarantees, invitees, or assignees of each other, and in doing the things herein alleged acted within the course and scope of such agency, employment guaranty, assignment, license, invitation and/or relationship and with the full knowledge and consent of the remaining Defendants.

## JURISDICTION AND VENUE

5. The Court has jurisdiction under U.S.C. §1332 (diversity jurisdiction) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

////

**COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(3) because defendant was subject to the court's personal jurisdiction with respect to the property which is the subject of the claims in this action.

## NATURE OF THE CASE

### Legal Background

7. "***A home improvement salesperson shall register with the board*** in order to engage in the business of, or act in the capacity of, a home improvement salesperson." Business & Professions Code §7152(b). [Emphasis Added]. "Home improvement salesperson" is a "person who is registered under this chapter and engaged in the business of soliciting, selling, negotiating, or executing contracts for home improvements, for the sale, installation or furnishing of home improvement goods or services, or of swimming pools, spas, or hot tubs on behalf of a home improvement contractor licensed under this chapter). Business & Professions Code §7152(a). "Proof of independent contractor status includes satisfactory proof that the individual has the right to **"control and discretion"** as to the manner of performance of the contract for services in that the result of the work and not the means by which it is accomplished is the primary factor bargained for." Labor Code §2750.5(a). [Emphasis Added]. "There is a rebuttable presumption affecting the burden of proof that a worker performing services for which a license is required pursuant to Chapter 9 (commencing with Section 7000) of Division 3 of the Business and Professions Code, or who is performing such services for **a person who is required to obtain such a license is an *employee* rather than an *independent contractor*.**" Labor Code §2750.5 [Emphasis Added].

### Factual Background

8. Beginning in approximately the middle of 2016 and ending in late-2017, plaintiff, Mr. Marco Batani was employed as a "Sales Consultant" for defendant Home Depot U.S.A., Inc. In that position, plaintiff would travel to customers' homes for free consultations wherein he would pitch and price home remodel designs. Mr. Batani would

3

**COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**

also spend time training employees, assisting customers, and attending meetings with supervisors in Home Depot stores. The defendant purposely misclassified plaintiff as an "outside salesperson" in spite of Business & Professions Code §7152, even though his job duties consisted of primarily non-exempt tasks under the "control test" according to S.G. Borello & Sons, Inc. v. Department of Industrial Relations (1989) 48 Cal. 3d 341, and the defendant, to the extent it claims Mr. Batani has exercised "control" over the goods and services that Home Depot contracted for with the customers also has failed to indemnify him for those numerous contracts under Labor Code §2802.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES

## (California Labor Code §§1194, 1197, 1197.1, and, I.W.C. Wage Order No. 7)

## (Against Each Defendant)

The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference.

9. California Labor Code §§1194, 1197, 1197.1 and Industrial Welfare Commission Order No. 7, entitle non-exempt employees to an amount equal to or greater than the minimum wage for all hours worked. All hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation.

10. California Labor Code §510 and the "Hours & Days of Work" Section of the Wage Orders entitles non-exempt employees to one and one-half times their hourly pay for any and all hours worked in excess of eight hours in any work day, for the first eight hours worked on the seventh consecutive day of work in a work week, and for any work in excess of forty hours in any one work week. Employees are entitled to the times their hourly pay for any and all hours worked in excess of 12 hours in any work day and in excess of 8 hours on the 7th consecutive work day.

4

**COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**

11. Plaintiff regularly worked in excess of eight hours per day and/or forty hours per week without overtime compensation.

12. By failing to pay Plaintiff minimum wage compensation, defendant has violated and continues to violate Labor Code §§204, 510, and, 1194 and I.W.C. Wage Order No. 7-2001.

13. As a result of defendant's unlawful acts, Plaintiff has been deprived of overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, plus interest thereon, attorneys' fees and costs, under California Labor Code §1194.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES
### (California Labor Code §§204, 510, 1194, and, I.W.C. Wage Order No. 7)
### (Against Each Defendant)

The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference.

14. California Labor Code §§1194, 1197, 1197.1 and Industrial Welfare Commission Order No. 7, entitle non-exempt employees to an amount equal to or greater than the minimum wage for all hours worked.  All hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation.

15. California Labor Code §510 and the "Hours & Days of Work" Section of the Wage Orders entitles non-exempt employees to one and one-half times their hourly pay for any and all hours worked in excess of eight hours in any work day, for the first eight hours worked on the seventh consecutive day of work in a work week, and for any work in excess of forty hours in any one work week.  Employees are entitled to the times their hourly pay for any and all hours worked in excess of 12 hours in any work day and in excess of 8 hours on the 7th consecutive work day.

5

**COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**

16.     Plaintiff regularly worked in excess of eight hours per day and/or forty hours per week without proper overtime compensation.

17.     By failing to pay overtime compensation to Plaintiff, defendant has violated and continues to violate Labor Code §§204, 510, and, 1194 and I.W.C. Wage Order No. 7.

18.     As a result of defendant's unlawful acts, Plaintiff has been deprived of overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, plus interest thereon, attorneys' fees and costs, under California Labor Code §1194.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL AND REST PERIODS

**(California Labor Code §§226.7, 512, and, I.W.C. Wage Order No. 7)**

**(Against Each Defendant)**

The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference.

19.     Defendant has failed to maintain a policy of providing adequate meal breaks as required by California Labor Code §§226.7, 512, and I.W.C. Wage Order No. 7.

20.     Since at least four years prior to the filing of this action, Plaintiff has worked in excess of five hours and at times ten hours a day without being provided at least half hour meal periods in which they were relieved of their duties, as required by Labor Code §§226.7, 512, and, I.W.C. Wage Order No. 7-2001. *See Brinker Restaurant Corp., et al. v. Superior Court* (2012) 53 Cal. 4th 1004, 1040-41 ("The employer satisfies this obligation if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break, and does not impede or discourage them from doing so . . . [A] first meal period [is required] no later than the end of an employee's fifth hour of work, and a second meal period [is required] no later than the end of an employee's 10th hour of work.").

21. Because defendant has failed to provide adequate meal periods, it is liable to Plaintiff for one hour of additional pay at the regular rate of compensation for each work day that the proper meal periods were not provided, pursuant to Labor Code §§226.7 and 512 and I.W.C. Wage Order 7-2001, as well as interest thereon, plus reasonable attorneys' fees and costs of suit pursuant to California Code of Civil Procedure §1021.5.

22. Since at least four years prior to the commencement of this action, plaintiff has regularly worked without any rest periods that are required by I.W.C. Wage Order No. 7-2001. *See Brinker*, 53 Cal. 4th 1004 at 1029 ("Employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on.").

23. Because defendant has failed to provide adequate rest periods, it is liable to Plaintiff for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not provided, pursuant to California Labor Code §226.7 and I.W.C. Wage Order No. 7, as well as interest thereon, plus reasonable attorneys' fees and costs of suit pursuant to California Code of Civil Procedure §1021.5.

## FOURTH CAUSE OF ACTION

**FAILURE TO REIMBURSE FOR NECESSARY BUSINESS EXPENSES**

**(California Labor Code §2802, and, I.W.C. Wage Order No. 7)**

**(Against Each Defendant)**

The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference.

24. Labor Code §2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

25. Beginning at least four years prior to the filing of this complaint, in order to discharge his job duties for defendant, Plaintiff has incurred reasonable and necessary

7

**COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**

expenses in the course of completing his job duties, which were not reimbursed by defendant. These expenses include but are not limited to mileage, parking, uniforms, and cell phone costs.

26. Defendant has failed to indemnify or in any manner reimburse Plaintiff for these expenditures and losses. By requiring plaintiff to pay expenses and cover losses that they incurred in direct consequence of the discharge of his duties for defendant, and in obedience to defendants' direction, defendant has violated and continues to violate California Labor Code §2802.

27. As a direct and proximate result of defendant's conduct, Plaintiff has suffered substantial losses according to proof, as well as pre-judgment interest, costs, and attorney fees for the prosecution of this action.

## FIFTH CAUSE OF ACTION

### UNLAWFUL WAGE DEDUCTIONS

**(California Labor Code §§221, and, I.W.C. Wage Order No. 7)**

**(Against Each Defendant)**

The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference.

28. California Labor Code §221 provides: It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

29. Defendant has violated California Labor Code §221 by unlawfully taking deductions from Plaintiff's compensation in order to cover certain ordinary business expenses of defendant's, including but not limited to uniform laundry service, claims for loss or damaged cargo, property damage and bodily injury claims, uncollected or lost C.O.D. amounts, and "service claims" to customers.

30. Because defendant took unlawful deductions from Plaintiff's compensation, they are liable to Plaintiff for the compensation that should have been paid but for the unlawful deductions, pursuant to California Labor Code §221.

31. By unlawfully deducting wages and failing to pay Plaintiff, defendant is also liable for reasonable attorneys' fees, and costs under California Labor Code §§218.5 and 1194.

## SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS

**(California Labor Code §226, and, I.W.C. Wage Order No. 7)**

**(Against Each Defendant)**

The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference.

32. California Labor Code §226 requires an employer to furnish its employees with an accurate statement in writing, showing, among other things: (1) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked by each respective individual; (2) total hours worked by each respective individual; (3) gross wages earned; (4) net wages earned; (5) all deductions; (6) inclusive dates of the period for which the employee is paid; (7) the name of the employee and an employee identification or social security number; and (8) the name and address of the legal entity that is the employer.

33. As a result of defendant's failure to provide accurate itemized wage statements, Plaintiff has suffered actual damages and harm caused by being unable to determine their applicable hourly rate or the amount of overtime worked each pay period, which will prevent him from becoming aware of these violations and asserting their statutory protections under California law.

34. Pursuant to California Labor Code §226(e), Plaintiff is entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a

9

**COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**

violation occurs, and one hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

35.     Plaintiff is entitled to an award of reasonable costs and attorneys' fees under California Labor Code §226(h).

## SEVENTH CAUSE OF ACTION

## FAILURE TO PAY WAGES DUE UPON DISCHARGE

### (California Labor Code §§201-203)

### (Against Each Defendant)

The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference.

36.     California Labor Code §§201 and 202 required defendant to pay all compensation due and owing to former Cleaners immediately upon discharge or within seventy-two hours of their termination of employment.  California Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by §§201 and 202, then the employer is liable for such "waiting time" penalties in the form of continued compensation up to thirty workdays.

37.     Defendant has willfully failed to pay Plaintiff who is no longer employed by defendant all the compensation due upon termination as required by California Labor Code §§201 and 202.  As a result, defendant is liable to Plaintiff for waiting time penalties provided under California Labor Code §203, plus reasonable attorneys' fees and costs of suit.

## EIGHTH CAUSE OF ACTION

## UNLAWFUL BUSINESS PRACTICES

### (California Business & Professions Code §17200, et. seq.)

### (Against Each Defendant)

The allegations of each of the preceding paragraphs are re-alleged and incorporated

**COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**

herein by reference.

38. California Business and Professions Code §17200, *et. seq.* prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

39. California Business and Professions Code §17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the Unfair Competition Law.

40. Beginning at least four years prior to the filing of this action, and continuing to the present, defendant has committed unlawful, unfair, and/or fraudulent business acts and practices as defined by California Business and Professions Code §17200, *et. seq.* by failing to pay Plaintiff overtime wages, to provide meal and rest breaks, to pay wages due at the time of separation, to furnish timely and accurate wage statements, and to reimburse business expenses in violation of state law.

41. The above-described unlawful actions of defendant constitute false, unfair, fraudulent and/or deceptive business practices, within the meaning of California Business and Professions Code §17200, *et. seq.*

42. As a result of their unlawful acts, defendant has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiff. Defendant should be enjoined from this activity, caused to specifically perform its obligations, and made to disgorge these ill-gotten gains and pay restitution to Plaintiff including, but not limited to, restitution of all unpaid wages, plus interest, as well as attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. General, compensatory, and liquidated damages, in amounts to be shown according to proof at trial.

2. Nominal damages.

4. Restitution and disgorgement.

**COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**

5. Punitive and exemplary damages, in amounts to be shown according to proof.

6. Attorney's fees and costs.

7. For such other relief the Court deems just.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues triable to a jury.

Date: January 18, 2018        **LAW OFFICES OF FRANCISCO J. ALDANA**

/s/ Francisco J. Aldana
FRANCISCO J. ALDANA
Attorneys for Plaintiff
MARCO A. BATANI

**COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**